UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN P. CHARTERS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br><br>　　　　　Defendant.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br><br>　　　　　Counterclaim Plaintiff,<br><br>v.<br><br>JOHN P. CHARTERS<br><br>　　　　　Counterclaim Defendant. | CIVIL ACTION<br>No. 1:07-cv-11371-NMG<br><br><br><br><br><br>**ORAL ARGUMENT REQUESTED** |

**JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)'S
MOTION FOR SUMMARY JUDGMENT AS TO ALLEGED
<u>FIDUCIARY BREACH WITH RESPECT TO THE CHARTERS PLAN</u>**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant John Hancock Life Insurance Company (U.S.A) ("John Hancock") hereby moves for summary judgment as to both claims asserted against it in Plaintiff's Class Action Complaint (the "Complaint").

As set forth more fully in the accompanying Memorandum of Law and Local Rule 56.1 Statement of Undisputed Material Facts in Support of John Hancock Life Insurance Company (U.S.A.)'s Motion for Summary Judgment as to Alleged Fiduciary Breach with Respect to the

Charters Plan, and supporting declarations of Jason Lemieux and George Cushnie, John Hancock is entitled to summary judgment because there is no genuine issue of disputed material fact. First, based on the undisputed facts and guidance issued by the Department of Labor, summary judgment should be granted to John Hancock because it is not a relevant ERISA fiduciary of the Charters, Heck, O'Donnell & Petrulis, P.C. 401(k) Plan (the "Plan") by virtue of its right to substitute investment options on its platform where Plaintiff, as Plan fiduciary, retained absolute authority to reject any proposed substitution.  Second, even if John Hancock were a fiduciary of the Plan, which it is not, summary judgment should be granted for the alternative reason that John Hancock did not breach any fiduciary duty it owed to the Plan, or violate ERISA prohibitions on self-dealing, by accepting payments from the underlying investment options because the Plan enjoyed the full benefit of any such payments through a reduction of the fees Plaintiff agreed to have the Plan pay.

WHEREFORE, for these reasons and those set forth more fully in the Memorandum of Law, Local Rule 56.1 Statement of Undisputed Material Facts and supporting materials filed herewith, John Hancock respectfully request that the Court grant this motion and enter summary judgment in its favor.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant hereby requests oral argument on this motion.

Dated:   March 7, 2008    Respectfully Submitted,

      /s/ James O. Fleckner
James O. Fleckner (BBO #641494)
Anthony M. Feeherry (BBO #160960)
John J. Cleary (BBO #086240)
Alison V. Douglass (BBO #646861)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
jfleckner@goodwinprocter.com
afeeherry@goodwinprocter.com
jcleary@goodwinprocter.com
adouglass@goodwinprocter.com

**Attorneys for Defendant and Counterclaim Plaintiff John Hancock Life Insurance Company (U.S.A.)**

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, James O. Fleckner, hereby certify that I conferred with counsel for the Plaintiff in a good faith attempt to resolve or narrow the issues presented by this motion.  The parties were unable to reach any agreement on the issues raised in this motion and memorandum of law.

## CERTIFICATE OF SERVICE

I, James O. Fleckner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic mail copies will be sent to those indicated as non-registered participants on March 7, 2008.

      /s/ James O. Fleckner
James O. Fleckner

1872067